UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NICOLE ADKINS,

    Plaintiff,

v.

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, NICOLE ADKINS (hereinafter "ADKINS" or "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA (hereinafter "LINA") and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof.  This Court has jurisdiction under 29 USC § 1132(f), which grants to the federal court concurrent jurisdiction to determine claims under 29 USC §§ 1001 et seq.  ADKINS brings this action to recover long-term disability ("LTD") benefits and waiver of premium ("WOP") coverage due to her under the terms of employee welfare benefit plans, to enforce her rights under the plans and to clarify her rights to benefits under the terms of plans.

2. ADKINS was at all times relevant a citizen of the United States of America and in all respects sui juris.

[1865830/4411772/1]

3. LINA is a corporation with its principal place of business in the Commonwealth of Pennsylvania, authorized to transact and is transacting business in the Southern District of Florida and can be found in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, LINA, is authorized to and is doing business within the Southern District of Florida.

## COUNT I (LTD Policy)
## CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

5. ADKINS was at all times material an employee of Adena Health System.

6. ADKINS was at all times material a plan participant under the Adena Health System Group Long Term Disability Policy, Group Policy Number FLK-960830 (the "LTD Policy") which is a long term disability insurance policy which is insured and issued by LINA of which Adena Health System is the Policyholder.  It is pursuant to Policy FLK-960830 to which ADKINS is entitled to long term disability benefits.  A copy of the LTD Policy has been attached hereto as Exhibit "A."

7. The LTD Policy is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

8. LINA is the insurer of benefits under the LTD Policy and was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Policy and for deciding any appeals of denied claims.

9. As the decision maker and payer of plan benefits, LINA administered the claim with a conflict of interest and the bias this created affected the claims determination.  As such, LINA is not entitled to a deferential standard of review.

10. LINA is the Fiduciary charged with making benefit determinations under the LTD Policy, including the determinations made on ADKINS's claim at issue.

11. Pursuant to the terms and conditions of the LTD Policy, ADKINS is entitled to LTD benefits for the duration of her disability, or until age 67, so long as she remains disabled as required under the terms of the LTD Policy.

12. According to the LTD Policy,

> **Definition of Disability/Disabled**
> The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
> 1. unable to perform the material duties of his or her Regular Occupation; or
> 2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.
>
> After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
> 1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; or
> 2. unable to earn 60% or more of his or her Indexed Earnings.
>
> The Insurance Company will require proof of earnings and continued Disability.

13. At all relevant times, ADKINS has complied with all conditions precedent and exhausted all required administrative remedies under the LTD Policy.

14. Since approximately April 2, 2018, ADKINS has been disabled under the terms of the LTD Policy.

15. Since on or about April 2, 2018, solely because of Injury or Sickness, ADKINS has been unable to perform the material duties of her Regular Occupation or unable to earn 80% or more of her indexed earnings from working in her regular occupation.

16. Since on or about April 2, 2018, solely due to Injury or Sickness, ADKINS has been unable to perform the material duties of any occupation for which she is, or may reasonably become, qualified based on education, training or experience, or unable to earn 60% or more of her indexed earnings.

17. At all relevant times, ADKINS was a Covered Person under the LTD Policy.

18. Shortly after becoming disabled under the terms of the plan, ADKINS made a claim to LINA for disability benefits which LINA initially paid for the period of April 2, 2018, through September 28, 2020.

19. By way of a letter dated August 6, 2020, LINA informed ADKINS that her continued claim had been denied and that continued LTD benefits would not be paid beyond September 28, 2020.

20. ADKINS properly and timely appealed LINA's denial letter of August 6, 2020.

21. By way of a letter dated July 21, 2021, LINA informed ADKINS that it was upholding its previous decision to deny her LTD benefits beyond September 28, 2020 and advised ADKINS that all administrative appeals had been exhausted.

22. As ADKINS continues to be disabled under the terms of the LTD Policy, ADKINS has been owed disability benefits under the LTD Policy since September 29, 2020.

23. From September 29, 2020 to the present date, ADKINS has not received benefits owed to her under the LTD Policy, despite ADKINS's right to these benefits.

24. LINA has refused to pay ADKINS LTD benefits since September 28, 2020.

25. At all relevant times, LINA was the payer of benefits.

26. At all relevant times, LINA was the "Insurance Company" identified throughout the LTD Policy.

27. At all relevant times, LINA was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Policy and for deciding any appeals of denied claims.

28. At all relevant times, ADKINS has been and remains Disabled and entitled to LTD

benefits from LINA under the terms of the LTD Policy.

29. Pursuant to 29 U.S.C. §1132(a)(1)(B), ADKINS, as a participant under the LTD Policy, is entitled to sue for judicial determination and enforcement of benefits.

30. ADKINS has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of LINA's failure to pay her disability benefits.

31. ADKINS has exhausted all administrative remedies under the LTD Policy.

32. Defendant breached the LTD Policy and violated ERISA in the following respects:

   (a) Failing to pay LTD benefit payments to ADKINS at a time when LINA knew, or should have known, that ADKINS was entitled to those benefits under the terms of the LTD Policy, as ADKINS was disabled and unable to work and therefore entitled to benefits.

   (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Policy documents, in relation to the applicable facts and LTD Policy provisions, for the termination of ADKINS's claim for LTD benefits;

   (c) After ADKINS's claim was terminated in whole or in part, LINA failed to adequately describe to ADKINS any additional material or information necessary for ADKINS to perfect her claim along with an explanation of why such material is or was necessary.

   (d) LINA failed to properly and adequately investigate the merits of ADKINS's disability claim and failed to provide a full and fair review of ADKINS's claim.

33. ADKINS believes and thereon alleges that LINA wrongfully terminated her claim for

disability benefits under the LTD Policy by other acts or omissions of which ADKINS is presently unaware, but which may be discovered in this future litigation and which ADKINS will immediately make LINA aware of once said acts or omissions are discovered by ADKINS.

34. Following the termination of benefits under the LTD Policy, ADKINS exhausted all administrative remedies required under ERISA and ADKINS has performed all duties and obligations on her part to be performed under the LTD Policy.

35. As a proximate result of the aforementioned wrongful conduct of LINA, ADKINS has damages for loss of disability benefits in a total sum to be shown at the time of trial.

36. As a further direct and proximate result of this improper determination regarding ADKINS'S claim for benefits, ADKINS, in pursuing this action, has been required to incur attorneys' costs and fees.  Pursuant to 29 U.S.C. § 1132(g)(1), ADKINS is entitled to have such fees and costs paid by LINA.

37. The wrongful conduct of LINA has created uncertainty where none should exist; therefore, ADKINS is entitled to enforce her rights under the terms of the LTD Policy and to clarify her right to future benefits under the terms of the LTD Policy.

## REQUEST FOR RELIEF

WHEREFORE, NICOLE ADKINS prays for relief against LIFE INSURANCE COMPANY OF NORTH AMERICA as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Policy, with all ancillary benefits to which she is entitled by

      virtue of her disability, and that benefits are to continue to be paid under the LTD Policy for so long as Plaintiff remains disabled under the terms of the LTD Policy;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

## COUNT II (Life Insurance Policy)
## CLAIM FOR WAIVER OF PREMIUM, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

38. ADKINS incorporates by reference all preceding paragraphs as though fully set forth herein.

39. At all times relevant, ADKINS was an employee or former employee of Adena Health System. As an employee of Adena Health System, ADKINS was a plan participant under the terms and conditions of Group Policy Number FLI-960241 ("Life Policy") which is a life insurance policy issued by LINA. It is pursuant to Group Life Policy FLI-960241 to which ADKINS is entitled to waiver of premium coverage should she become disabled.

40. LINA is the provider of coverage under the Life Policy and the Fiduciary charged with making coverage determinations under the Life Policy, including the determinations made on ADKINS's claim at issue.

41. As the decision maker and payer of Life Policy benefits and waiver of premium coverage under the Life Policy, LINA administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, LINA is not entitled to a deferential standard of review.

42. Pursuant to the terms and conditions of the Life Policy, ADKINS is entitled to a continuation of life insurance coverage by means of a waiving of the premiums for such coverage for the duration of her disability, so long as she remains disabled as required under the terms of the Life Policy.

43. According to the Life Policy,

> "Disability/Disabled" means because of Injury or Sickness an Employee is unable to perform the material duties of his or her Regular Occupation, or is receiving disability benefits under the Employer's plan, during the initial 9 months of Disability. Thereafter, the Employee must be unable to perform all of the material duties of any occupation which he or she may reasonably become qualified based on education, training or experience, or is subject to the terms of a Rehabilitation Plan approved by the Insurance Company.

44. At all relevant times, ADKINS has complied with all conditions precedent and exhausted all required administrative remedies under the Life Policy.

45. Since approximately April 2, 2018, ADKINS has been disabled under the terms of the Life Policy.

46. Since approximately April 2, 2018, because of Injury or Sickness, ADKINS has been unable to perform the material duties of her regular occupation (and any occupation for which she may reasonably become qualified based on education, training or experience).

47. At all relevant times, ADKINS was a covered person under the Life Policy.

48. Shortly after becoming disabled under the terms of the Life Policy ADKINS made a claim to LINA for Waiver of Premium coverage.

49. By letter dated August 7, 2020, LINA terminated ADKINS's claim for Waiver of Premium coverage contending ADKINS was no longer disabled under the terms of the policy.

50. ADKINS timely and properly appealed LINA's adverse determination of August 7, 2020.

51. By letter dated July 21, 2021, LINA affirmed its denial of ADKINS's claim for Waiver of Premium coverage and advised ADKINS that all administrative appeals had been exhausted.

52. LINA has refused to continue to waive premiums on the Life Policy, despite ADKINS's right to these benefits.

53. At all relevant times, LINA was the provider of benefits.

54. At all relevant times, LINA was the "Insurance Company" identified throughout the Life Policy.

55. At all relevant times, LINA was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the Life Policy and for deciding any appeals of denied claims.

56. At all relevant times, ADKINS has been and remains Disabled and entitled to waiver of premium benefits under the terms of the Life Policy.

57. Pursuant to 29 U.S.C. §1132(a)(1)(B), ADKINS, as a participant under the Life Policy, is entitled to sue for judicial determination and enforcement of benefits.

58. ADKINS has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of LINA's failure to provide ADKINS with a waiver of premium.

59. ADKINS has exhausted all required administrative remedies under the Life Policy.

60. As LINA had the sole discretion to determine entitlement to waiver of premium under the Life Policy, LINA breached the Plan and violated ERISA in the following respects:

    a. Failing to provide waiver of premium to ADKINS at a time when LINA knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Life Policy, as ADKINS was disabled and unable to work and therefore entitled to waiver of premium.

    b. After ADKINS's claim was denied in whole or in part, LINA failed to adequately describe to ADKINS any additional material or information necessary for ADKINS to perfect her claim along with an explanation of why such material is or was necessary.

    c. LINA failed to properly and adequately investigate the merits of ADKINS's claim and failed to provide a full and fair review of ADKINS's claim.

61. ADKINS believes and thereon alleges that LINA wrongfully denied her claim for waiver of premium under the Life Policy by other acts or omissions of which ADKINS is presently unaware, but which may be discovered in this future litigation and which ADKINS will immediately make LINA aware of once said acts or omissions are discovered by ADKINS.

62. Following the denial of her claim under the Plan, ADKINS exhausted all required administrative remedies required under ERISA and ADKINS has performed all duties and obligations on her part to be performed under the Plan.

63. As a proximate result of the aforementioned wrongful conduct of the Defendant, ADKINS has damages for loss of coverage in a total sum to be shown at the time of trial.

64. As a further direct and proximate result of this improper determination regarding ADKINS's claim for waiver of premium, ADKINS, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), ADKINS is entitled to have such fees and costs paid by LINA.

65. The wrongful conduct of LINA has created uncertainty where none should exist; therefore, ADKINS is entitled to enforce her rights under the terms of the Plan and to clarify her right to future coverage under the terms of the Life Policy.

## REQUEST FOR RELIEF

WHEREFORE, NICOLE ADKINS prays for relief against LIFE INSURANCE COMPANY OF NORTH AMERICA as follows:

1. An order declaring that Plaintiff is entitled to immediate reinstatement to the Life Policy, with all ancillary benefits to which she is entitled by virtue of her disability, and that life insurance coverage is to continue to be provided under the Life Policy by means of a waiver of premium for so long as Plaintiff remains disabled under the terms of the Life Policy;

2. In the alternative to the relief sought in paragraph 1, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

3. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

4. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

5. Such other and further relief as this Court deems just and proper.

DATED: August 30, 2021

                              ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
(954) 620-8300

*S/ Alexander A. Palamara*
ALEXANDER A. PALAMARA, ESQUIRE
Florida Bar No: 0037170
Email: alex@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com