UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-23137-RKA

NICOLE ADKINS,

   *Plaintiff,*

v.

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

   *Defendant.*
_____/

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA ("Defendant"), hereby files its Answer and Affirmative Defenses to the Complaint filed by the Plaintiff, NICOLE ADKINS ("Plaintiff").

### JURISDICTION, VENUE AND PARTIES

1. Paragraph No. 1 of Plaintiff's Complaint contains a statement of law for which no response is required from Defendant. Defendant does not dispute jurisdiction. Defendant denies the remaining allegations contained in Paragraph No. 1 of Plaintiff's Complaint and denies that Plaintiff is entitled to disability and waiver of premium benefits or other relief.

2. Defendant is without knowledge of the allegations contained in Paragraph No. 2 of the Complaint.

3. Defendant admits only that it is a corporation organized under the laws of the State of Pennsylvania. Defendant denies the remaining allegations contained in Paragraph No. 3 of Plaintiff's Complaint, as phrased.

4. The allegations in Paragraph No. 4 contain a conclusion of law for which no response is required from Defendant. To the extent a response is required, Defendant denies the allegations, as phrased.

**COUNT I (LTD Policy)**
**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARAFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGEMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

5. Defendant lacks knowledge and information sufficient to form a belief about Plaintiff's meaning of the phrase "at all times material" and the averment that certain facts existed "at all times material" is therefore denied. Defendant admits that Plaintiff was employed with Adena Health System ("Adena") for a period of time.

6. Defendant lacks knowledge and information sufficient to form a belief about Plaintiff's meaning of the phrase "at all times material" and the averment that certain facts existed "at all times material" is therefore denied. Defendant admits that Plaintiff was a participant in the employee welfare benefits plan for Adena, which plan included benefits for long-term disabilities, under Group Policy No. FLK-960830 (the "LTD Policy"). Defendant denies that Plaintiff is entitled to continued benefits under the LTD Policy.

7. Paragraph No. 7 contains a statement of law for which no response is required. To the extent that a response is required, Defendant states that the LTD Policy speaks for itself and denies any allegations inconsistent therewith.

8. Defendant admits only that it issued the LTD Policy and it acted as the claims administrator relative to the claim at issue. Defendant denies the remaining allegations contained in Paragraph No. 8 of Plaintiff's Complaint.

9.      Defendant denies the allegations contained in Paragraph No. 9 of Plaintiff's Complaint.

10.     Paragraph No. 10 contains a statement of law for which no response is required. To the extent that a response is required, Defendant admits only that it acted as the claims administrator relative to the claim at issue. Defendant further states that the LTD Policy speaks for itself and denies any allegations inconsistent therewith.

11.     Defendant denies that Plaintiff is entitled to continued disability benefits under the LTD Policy. Defendant further states that the LTD Policy speaks for itself and denies any allegation inconsistent therewith.

12.     Defendant denies that the quoted definition is contained in the LTD Policy. Defendant further states that the LTD Policy speaks for itself and denies any allegation inconsistent therewith.

13.     Defendant lacks knowledge and information sufficient to form a belief about Plaintiff's meaning of the phrase "at all relevant times" and the averment that certain facts existed "at all relevant times" is therefore denied. Defendant admits that Plaintiff has exhausted all administrative appeals for LTD benefits prior to this judicial challenge of the determination to deny continued benefits. Defendant denies the remaining allegations in Paragraph No. 13 of the Complaint, as phrased.

14.     Defendant admits that Plaintiff stopped working on or around April 2, 2018. Defendant denies that Plaintiff is entitled to continued benefits under the LTD Policy.

15.     Defendant denies that Plaintiff is entitled to continued benefits under the LTD Policy.

16. Defendant denies that Plaintiff is entitled to continued benefits under the LTD Policy.

17. Defendant lacks knowledge and information sufficient to form a belief about Plaintiff's meaning of the phrase "at all relevant times" and the averment that certain facts existed "at all relevant times" is therefore denied. Defendant denies that the LTD Policy contains a definition of Covered Person. Defendant further states that the LTD Policy speaks for itself and denies any allegations inconsistent therewith.

18. Defendant admits that Plaintiff asserted a claim for disability benefits. Defendant denies that Plaintiff is entitled to continued benefits under the LTD Policy.

19. Defendant states that the August 6, 2020 letter speaks for itself and denies any allegations inconsistent therewith.

20. Defendant admits that Plaintiff appealed the denial of continued LTD benefits. Defendant further states that the administrative record speaks for itself and denies any allegations inconsistent therewith.

21. Defendant states that the July 21, 2021 letter speaks for itself and denies any allegations inconsistent therewith.

22. Defendant denies the allegations contained in Paragraph No. 22, including that it denies that Plaintiff is entitled to continued benefits under the LTD Policy.

23. Defendant admits that Plaintiff has not received LTD benefits since September 28, 2020. Defendant denies that Plaintiff is entitled to continued benefits under the LTD Policy.

24. Defendant denies that Plaintiff is entitled to continued benefits under the LTD Policy. Defendant further denies the remaining allegations contained in Paragraph No. 24, as phrased.

25. Defendant lacks knowledge and information sufficient to form a belief about Plaintiff's meaning of the phrase "at all relevant times" and the averment that certain facts existed "at all relevant times" is therefore denied. Defendant states that the LTD Policy speaks for itself and denies any allegation inconsistent therewith.

26. Defendant lacks knowledge and information sufficient to form a belief about Plaintiff's meaning of the phrase "at all relevant times" and the averment that certain facts existed "at all relevant times" is therefore denied. Defendant states that the LTD Policy speaks for itself and denies any allegation inconsistent therewith.

27. Defendant lacks knowledge and information sufficient to form a belief about Plaintiff's meaning of the phrase "at all relevant times" and the averment that certain facts existed "at all relevant times" is therefore denied. Defendant states that the LTD Policy speaks for itself and denies any allegation inconsistent therewith.

28. Defendant lacks knowledge and information sufficient to form a belief about Plaintiff's meaning of the phrase "at all relevant times" and the averment that certain facts existed "at all relevant times" is therefore denied. Defendant denies the remaining allegations contained in Paragraph No. 28 of Plaintiff's Complaint, including that it denies that Plaintiff is entitled to continued benefits under the LTD Policy.

29. Paragraph No. 29 of Plaintiff's Complaint contains a statement of law for which no response is required from Defendant. To the extent that a response is required, Defendant denies that Plaintiff is entitled to continued disability benefits.

30. Defendant denies the allegations in Paragraph No. 30, as phrased.

31. Defendant admits that Plaintiff has exhausted all administrative appeals for LTD benefits prior to this judicial challenge of the determination to deny benefits. Defendant denies the

remaining allegations in Paragraph No. 31 of the Complaint, as phrased.

32. Defendant denies the allegations contained in Paragraph No. 32, including subparts (a) through (d).

33. Defendant denies the allegations contained in Paragraph No. 33.

34. Defendant admits that Plaintiff has exhausted all administrative appeals for LTD benefits prior to this judicial challenge of the determination to deny continued benefits. Defendant denies the remaining allegations in Paragraph No. 34 of the Complaint, as phrased.

35. Defendant denies the allegations contained in Paragraph No. 35 of Plaintiff's Complaint.

36. Defendant denies the allegations contained in Paragraph No. 36 of Plaintiff's Complaint.

37. Defendant denies the allegations contained in Paragraph No. 37 of Plaintiff's Complaint.

### REQUEST FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief requested in the WHEREFORE Paragraph, including subparts 1 through 6.

### COUNT II (Life Insurance Policy)
### CLAIM FOR WAIVER OF PREMIUM, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

38. Defendant incorporates and realleges the allegations in Paragraphs 1 through 37 of the Complaint as if fully set forth herein.

39. Defendant lacks knowledge and information sufficient to form a belief about Plaintiff's meaning of the phrase "at all relevant times" and the averment that certain facts existed

"at all relevant times" is therefore denied. Defendant admits that Plaintiff was employed with Adena for a period of time and a participant in the employee welfare benefits plan for Adena, which plan included benefits for life insurance, under Group Policy No. FLI-960241 (the "Life Policy"). Defendant denies that Plaintiff is entitled to continued waiver of premium coverage under the Life Policy.

40. Defendant admits only that it acted as the claims administrator relative to the claim at issue. Defendant denies the remaining allegations contained in Paragraph No. 40 of Plaintiff's Complaint.

41. Defendant denies the allegations contained in Paragraph No. 41 of Plaintiff's Complaint.

42. Defendant denies that Plaintiff is entitled to continued waiver of premium benefits under the Life Policy. Defendant further states that the Life Policy speaks for itself and denies any allegation inconsistent therewith.

43. Defendant states that the Life Policy speaks for itself and denies any allegation inconsistent therewith.

44. Defendant lacks knowledge and information sufficient to form a belief about Plaintiff's meaning of the phrase "at all relevant times" and the averment that certain facts existed "at all relevant times" is therefore denied. Defendant admits that Plaintiff has exhausted all administrative appeals for waiver of premium benefits under the Life Policy prior to this judicial challenge of the determination to deny continued benefits. Defendant denies the remaining allegations in Paragraph No. 44 of the Complaint, as phrased.

45. Defendant admits that Plaintiff stopped working on or around April 2, 2018. Defendant denies that Plaintiff is entitled to continued waiver of premium benefits under the Life Policy.

46. Defendant denies the allegations set forth in Paragraph No. 46, including that it denies that Plaintiff is entitled to continued waiver of premium benefits under the Life Policy.

47. Defendant lacks knowledge and information sufficient to form a belief about Plaintiff's meaning of the phrase "at all relevant times" and the averment that certain facts existed "at all relevant times" is therefore denied. Defendant further states that the Life Policy speaks for itself and denies any allegations inconsistent therewith.

48. Defendant admits that Plaintiff asserted a claim for waiver of premium benefits under the Life Policy. Defendant denies that Plaintiff is entitled to continued waiver of premium benefits under the Life Policy.

49. Defendant states that the August 7, 2020 letter speaks for itself and denies any allegations inconsistent therewith.

50. Defendant admits that Plaintiff appealed the denial of continued waiver of premium benefits under the Life Policy. Defendant further states that the administrative record speaks for itself and denies any allegations inconsistent therewith.

51. Defendant states that the July 21, 2021 letter speaks for itself and denies any allegations inconsistent therewith.

52. Defendant denies that Plaintiff is entitled to continued benefits under the Life Policy. Defendant further denies the remaining allegations contained in Paragraph No. 52, as phrased.

53. Defendant lacks knowledge and information sufficient to form a belief about Plaintiff's meaning of the phrase "at all relevant times" and the averment that certain facts existed "at all relevant times" is therefore denied. Defendant states that the Life Policy speaks for itself and denies any allegation inconsistent therewith.

54. Defendant lacks knowledge and information sufficient to form a belief about Plaintiff's meaning of the phrase "at all relevant times" and the averment that certain facts existed "at all relevant times" is therefore denied. Defendant states that the Life Policy speaks for itself and denies any allegation inconsistent therewith.

55. Defendant lacks knowledge and information sufficient to form a belief about Plaintiff's meaning of the phrase "at all relevant times" and the averment that certain facts existed "at all relevant times" is therefore denied. Defendant states that the Life Policy speaks for itself and denies any allegation inconsistent therewith.

56. Defendant lacks knowledge and information sufficient to form a belief about Plaintiff's meaning of the phrase "at all relevant times" and the averment that certain facts existed "at all relevant times" is therefore denied. Defendant denies the remaining allegations contained in Paragraph No. 56 of Plaintiff's Complaint, including that it denies that Plaintiff is entitled to continued benefits under the Life Policy.

57. Paragraph No. 57 of Plaintiff's Complaint contains a statement of law for which no response is required from Defendant. To the extent that a response is required, Defendant denies that Plaintiff is entitled to continued waiver of premium benefits under the Life Policy.

58. Defendant denies the allegations in Paragraph No. 58, as phrased.

59. Defendant admits that Plaintiff has exhausted all administrative appeals for waiver of premium benefits under the Life Policy prior to this judicial challenge of the determination to

deny benefits. Defendant denies the remaining allegations in Paragraph No. 59 of the Complaint, as phrased.

60. Defendant denies the allegations contained in Paragraph No. 60, including subparts (a) through (c).

61. Defendant denies the allegations contained in Paragraph No. 61.

62. Defendant admits that Plaintiff has exhausted all administrative appeals for waiver of premium benefits prior to this judicial challenge of the determination to deny continued benefits. Defendant denies the remaining allegations in Paragraph No. 62 of the Complaint, as phrased.

63. Defendant denies the allegations contained in Paragraph No. 63 of Plaintiff's Complaint.

64. Defendant denies the allegations contained in Paragraph No. 64 of Plaintiff's Complaint.

65. Defendant denies the allegations contained in Paragraph No. 65 of Plaintiff's Complaint.

## **REQUEST FOR RELIEF**

Defendant denies that Plaintiff is entitled to any relief requested in the WHEREFORE Paragraph, including subparts 1 through 5.

## **AFFIRMATIVE DEFENSES**

As and for its further defenses, Defendant states as follows:

### **First Defense**

To the extent that Plaintiff is asserting any non-ERISA or common law claims, such claims are preempted and barred by the ERISA Act of 1974, as amended.

## Second Defense

Plaintiff's claims are barred for failure to comply with the terms and conditions of the subject group insurance Policies and Plan documents.

## Third Defense

Plaintiff's claims are barred based on a failure to mitigate damages.

## Fourth Defense

Plaintiff's claims are barred, in whole or in part, from recovery on the grounds that Defendant has discharged its obligations to Plaintiff.

## Fifth Defense

Under the terms and conditions of the subject group insurance policies and plan documents, Defendant is entitled to recoup and/or collect offsets for other income or benefits, as defined by the applicable group policy or plan documents, received by Plaintiff in connection with any alleged disability, including, but not limited to, social security disability payments, workers' compensation payments, personal injury settlements/payments and payments received under other disability insurance policies.

## Sixth Defense

Plaintiff has failed to state a cause of action upon which relief can be granted.

## Seventh Defense

If the Court determines that Defendant materially erred in administering Plaintiff's claims for benefits under the terms of the plan and subject group policies or applicable law, which is denied, then the Court should remand the claim to Defendant for further administrative processing in accordance with such determination before reaching any judicial decision as to Plaintiff's entitlement to benefits.

## Eighth Defense

Plaintiff's claims may be barred by the applicable statute of limitations.

## Ninth Defense

The claims of Plaintiff are limited in this action to a review by this Court, without any jury, of the Administrative Record, including the group disability policies at issue and any applicable plan documents, so as to determine whether Defendant's actions were arbitrary and capricious and/or an abuse of discretion.

## Tenth Defense

Defendant's interpretation of the terms of the Plan documents was reasonable and its claim determination was supported by substantial evidence.

Defendant reserves the right to assert any additional affirmative and other defenses it discovers as Plaintiff's claims are clarified during the course of this litigation.

**WHEREFORE,** Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA, respectfully requests that judgment be entered in its favor and against Plaintiff, and that all claims asserted by Plaintiff be dismissed with prejudice, for an award of costs and attorneys' fees, and for such other and further relief as this Court deems just and proper in the premises.

Dated this 4th day of November 2021.	Respectfully submitted,

By:	/s/ *Sherril M. Colombo*
Sherril M. Colombo, Esq.
Florida Bar No.: 948799
E-mail: *scolombo@littler.com*
Stefanie Mederos, Esq.
Florida Bar No.: 12041
E-mail: *smederos@littler.com*
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
Telephone: (305) 400-7530
Facsimile: (305) 603-2552

*COUNSEL FOR DEFENDANT,*
LIFE INSURANCE COMPANY
OF NORTH AMERICA

4819-3655-8335.1 / 076816-1135